IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**MARCO A. MONTIEL**
309 Capital Street
Wisconsin Dells, WI 53965

       Plaintiff,

  vs.

Case No. 17-cv-92

**JOSE'S AUTHENTIC MEXICAN RESTAURANT LLC**
825 8th Street
Baraboo, WI 53913

       Defendant.

## COMPLAINT

Plaintiff, Marco A. Montiel, by his attorneys, Hawks Quindel S.C., for his Complaint against Defendant, Jose's Authentic Mexican Restaurant LLC, states as follows:

### PRELIMINARY STATEMENT

1. Plaintiff was employed by Defendant, Jose's Authentic Mexican Restaurant LLC, from October 29, 2014 to September 9, 2016. During his employment, and within the three-year period preceding this Complaint, Plaintiff was not paid any hourly wages for his work; his compensation consisted entirely of the tips he received during his shifts. In addition, he was never paid overtime wages for the hours he regularly worked in excess of 40 in a workweek. Plaintiff filed a complaint with the Wisconsin Department of Workforce Development ("DWD") for

his unpaid wages. As Jose's Authentic Mexican Restaurant LLC never responded to that complaint, the DWD found in Plaintiff's favor and determined he was owed $52,780 in unpaid wages. Plaintiff seeks payment of minimum and overtime wages, an equal amount in liquidated damages, and payment of attorney's fees and costs in bringing this action.

## PARTIES

2. Plaintiff, Marco A. Montiel, is an adult resident of the state of Wisconsin. At all times material to this matter, Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e), Wis. Stat. § 103.01(5), and Wis. Stat. § 109.01(1r). Plaintiff's signed Consent Form is attached to this Complaint as Exhibit A and is incorporated herein by reference.

3. Defendant, Jose's Authentic Mexican Restaurant LLC, is a domestic limited liability company with its principal office at 825 8th Street, Baraboo, Wisconsin. Jose's Authentic Mexican Restaurant LLC's registered agent for service is Heather Parra Wilson, 1909 Jefferson Street, Baraboo, Wisconsin.

4. At all times relevant to this Complaint, Jose's Authentic Mexican Restaurant LLC was the "employer" of Plaintiff within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203(d), Wis. Stat. § 103.001(6), and Wis. Stat. § 109.01(2).

5. At all times material to this Complaint, Jose's Authentic Mexican Restaurant LLC has been an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

6. At all times material to this Complaint, Plaintiff was an employee engaged in commerce within the meaning of 29 C.F.R. § 779.103.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that Plaintiff's claims arise under the FLSA, 29 U.S.C. § 201, et seq. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391 because Defendant operates a restaurant in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## ALLEGATIONS

9. Defendant employed Plaintiff as a waiter at Jose's Authentic Mexican Restaurant LLC from October 29, 2014 to September 9, 2016, a total of 97 weeks.

10. At no time during his employment with Defendant was Plaintiff exempt from overtime or minimum wage payment under the FLSA or Wisconsin law.

11. During his employment with Defendant, Plaintiff worked Monday-Friday, five days per week. He worked from approximately 9:45 a.m. to 10:00 p.m., or 61.25 hours per week. Defendant did not keep any records of the hours worked by Plaintiff.

12. During his employment with Defendant, Plaintiff was not paid any wages by Defendant. He was paid solely through tips received during his shifts.

13. During his employment with Defendant, Plaintiff was suffered and permitted to work hours over 40 in a workweek for Defendant and was not provided overtime compensation.

14. On November 12, 2016, Plaintiff filed a complaint with the Labor Standards Bureau of the Wisconsin Department of Workforce Development Equal Rights Division, alleging he was owed $52,780 in unpaid regular and overtime wages.

15. Defendant did not respond to the DWD's requests for information, and the DWD issued a determination that Plaintiff was owed wages totaling $52,780.

### FIRST CAUSE OF ACTION: FAILURE TO PAY MINIMUM AND OVERTIME WAGES IN VIOLATION OF THE FLSA

16. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

17. The FLSA, 29 U.S.C. § 206, requires each covered employer to compensate all employees at a rate of at least $7.25 per hour. The FLSA permits an employer to credit tips earned by tipped employees towards its obligation to pay the minimum wage if it meets the requirements of 29 U.S.C. § 203(m). Per 29 C.F.R. § 531.59(a), an employer must pay these employees a cash wage of $2.13 to satisfy the requirements of 29 U.S.C. § 203(m).

18. During his employment, Plaintiff was not paid any cash wage for the work he performed for Defendant.

19. The FLSA, 29 U.S.C. § 207, requires each covered employer to compensate all non-exempt employees at a rate of one and one-half times the regular rate of pay for work performed in excess of 40 hours per workweek.

20. During his employment with Defendant, Plaintiff was suffered and permitted to work hours over 40 in a workweek for Defendant without overtime compensation.

21. Defendant's practices violate the provisions of the FLSA, including, but not limited to, 29 U.S.C. §§ 206, 207. As a result of these unlawful practices, Plaintiff has suffered a wage loss.

22. Defendant knew or showed reckless disregard for the fact that it failed to pay Plaintiff overtime wages in violation of the FLSA.

23. Plaintiff seeks damages in the amount of twice the unpaid minimum and overtime wages earned during his employment as well as attorney's fees and costs in bringing this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION:
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES IN VIOLATION OF WISCONSIN LAW

24. Plaintiff re-alleges and incorporates the preceding paragraphs as though set forth here in full.

25. The foregoing conduct, as alleged, violates Wis. Stat. § 103.02, Wis. Stat. §104.045, Wis. Stat. § 109.03, Wis. Admin. Code § DWD 272.03(2), and Wis. Admin. Code § DWD 274.03.

26. Wis. Stat. § 104.03 and Wis. Admin. Code § DWD 272.03(1) require employers to pay employees a minimum wage of $7.25 per hour. Wis. Stat. § 104.045 and Wis. Admin. Code § DWD 272.03(2) permit an employer to pay a minimum wage rate of $2.33 to employees receiving tips, provided those tips make up the difference between the tipped minimum wage and the required minimum wage of $7.25.

27. During his employment, Plaintiff was not paid any cash wage for the work he performed for Defendant.

28. Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require an employer to pay overtime compensation to all non-exempt employees.

29. During his employment with Defendant, Plaintiff was suffered and permitted to work hours over 40 in a workweek for Defendant without overtime compensation.

30. As a result of Defendant's willful failure to pay minimum and overtime wages earned and due to Plaintiff, it has violated Wis. Stat. § 103.02, Wis. Stat. §104.045, Wis. Stat. § 109.03, Wis. Admin. Code § DWD 272.03(2), and Wis. Admin. Code § DWD 274.03.

31. Plaintiff made a Complaint to the Department of Workforce Development, and the DWD has completed its attempts to settle and compromise the wage claim without success.

32. Plaintiff seeks damages in the amount of the unpaid minimum and overtime wages earned and due, recovery of attorney's fees, costs, and expenses of this action to be paid by Defendant as provided by Wis. Stat. § 109.03(6), and penalties of not more than 100% of the amount of those wages due and unpaid, as permitted under Wis. Stat. § 109.11(2)(b), as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant, awarding him:

A. The minimum wage and overtime compensation owed to Plaintiff under 29 U.S.C. §§ 206, 207 for the three-year time period prior to the commencement of this action, amounting to $50,049.09;

B. The minimum wage and overtime compensation owed to Plaintiff under Wis. Stat. § 103.02, Wis. Stat. § 104.045, Wis. Stat. § 109.03, Wis. Admin. Code § DWD 272.03(2), and Wis. Admin. Code § DWD 274.03 for the two-year time period prior to the commencement of this action;

C. Liquidated damages in an amount equal to the amount awarded to him as overtime wage compensation as provided in 29 U.S.C. § 216(b), amounting to $50,049.09;

D. Increased wages of 100% of the amount of those wages due and unpaid as provided in Wis. Stat. § 109.11(2)(b);

E. All attorney's fees incurred by Plaintiff in prosecuting this action and the costs of this action, as provided in 29 U.S.C. § 216(b) and Wis. Stat. § 109.03(6); and

F. Such other legal or equitable relief as this Court deems just and necessary to vindicate Plaintiff's rights under Wisconsin law and the FLSA.

Dated: February 6, 2017.

        **HAWKS QUINDEL, S.C.**
        *Attorneys for the Plaintiff*

        By: */s/ David C. Zoeller*
        David C. Zoeller, State Bar No. 1052017
        Email: dzoeller@hq-law.com
        Caitlin M. Madden, State Bar No. 1089238
        Email: cmadden@hq-law.com
        222 West Washington Avenue, Suite 450
        Post Office Box 2155
        Madison, Wisconsin 53701-2155
        Telephone: (608) 257-0040
        Facsimile: (608) 256-0236